# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL, | CASE NO. 1:09-cv-00691-OWW-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| B. S. DAVIS, et al., | (Doc. 12) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.  Screening Requirement

Plaintiff Shaulton J. Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 20, 2009. (Doc. 1.) The Magistrate Judge screened the complaint and an order was issued on October 22, 2010, directing Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the complaint. (Doc. 9.) Currently pending before the Court is Plaintiff's first amended complaint, filed December 27, 2010. (Doc. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. On August 31, 2007, as Plaintiff was being escorted to the yard by Defendant B. S. Davis and an unnamed correctional officer ("Defendant Doe"), Defendant Davis said, "I will use your head like a mop." (Doc. 1, ¶ 4.) Plaintiff immediately requested to speak to a sergeant. (Id., ¶ 5.) After yard was completed, Defendants Davis and Doe escorted Plaintiff back into the building. (Id., ¶ 6.) As they entered the rotunda, Defendant Doe stopped and turned Plaintiff toward the wall. Defendant Davis grabbed Plaintiff by the hair and pushed his head into the wall. (Id., ¶ 7.) Correctional officers Jung Hernandez and Mendoza smiled as Plaintiff was attacked. (Id., ¶ 8.)

As Plaintiff was escorted to his cell, Defendant Davis pushed him further into his cell. (Id.,

¶ 9.) Once in his cell, Plaintiff refused to place his hands through the door slot to be uncuffed. (Id., ¶¶ 10, 11.) A sergeant was called and Plaintiff was escorted back to the rotunda and placed in a holding cage. (Id., ¶ 12.) Plaintiff states that now that he has "had time to reflect the events" he believes that Correctional Officer Jung Hernandez and Mendoza talked about Plaintiff submitting a grievance against them. Plaintiff alleges that Defendants Davis and Doe must have acted in retaliation because he has not verbally disrespected them. (Id., ¶ 17.)

Plaintiff brings this action against Defendants Davis and Doe for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Id., ¶ 19.) He is seeking injunctive relief, and compensatory and punitive damages. (Id., p. 6 ¶¶ 2, 3.)

Plaintiff's allegations state a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Davis and Doe. However, a viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff fails to establish any link between his submission of a grievance and the actions of Defendants. Therefore, the complaint fails to state a plausible claim that Defendants Davis and Doe acted in retaliation for Plaintiff filing grievances against other officers. Iqbal, 129 S. Ct. at 1949.

### III.   Conclusion and Recommendation

Plaintiff's first amended complaint sets forth a cognizable claim against Defendants B. S. Davis and Doe for excessive force in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983.[1] Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY

---

[1] The inclusion of Doe defendants under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

3

RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed December 27, 2010, against Defendants B. S. Davis and Doe for excessive force in violation of the Eighth Amendment; and

2. Plaintiff's retaliation claim be dismissed, with prejudice, for failure to state a claim under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 30, 2010

UNITED STATES MAGISTRATE JUDGE