# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>B. S. DAVIS, et al.,<br><br>  Defendants. | CASE NO. 1:09-cv-00691-LJO-GBC (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>RESPONSE DUE BY OCTOBER 24, 2011 |

Plaintiff Shaulton J. Mitchell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In its December 30, 2010 Screening Order, the Court found that Plaintiff had stated a cognizable excessive force claim against Defendants B. S. Davis and Doe in violation of the Eighth Amendment. (ECF Nos. 12 & 13.) Service was attempted by the United States Marshal, but the waiver was returned unexecuted as to Defendant Davis. (ECF No. 19.)

On July 26, 2011, the Court ordered that Plaintiff provide more information about Defendant Davis so that service could be attempted again. (ECF No. 22.) To date, Plaintiff has not complied with or otherwise responded to the Court's Order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

1 Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
2 based on a party's failure to prosecute an action, failure to obey a court order, or failure to
3 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
4 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
5 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
6 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
7 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone
8 v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
9 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
10 for failure to lack of prosecution and failure to comply with local rules).

11 Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE not later that
12 October 24, 2011, why the above-captioned action should not be dismissed for failure to
13 obey a Court Order and failure to prosecute.  Plaintiff is hereby on notice that failure to
14 respond to this Order by October 24, 2011 will result in dismissal of this action.
15 IT IS SO ORDERED.

16 Dated:   September 19, 2011
17                                                                       UNITED STATES MAGISTRATE JUDGE