# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAULTON J. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B.S. DAVIS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00691-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2011, the Court ordered Plaintiff to submit additional information for service of Defendant B.S. Davis within thirty days. On August 5, 2011, the Court granted Plaintiff's motion for extension of time to provide additional information for service of Defendant B.S. Davis. On September 20, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)

1  (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in
2  deciding what to do and are not conditions that must be met in order for a court to take action. *In re*
3  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

4  Based on Plaintiff's failure to comply with or otherwise respond to court orders, the Court
5  is left with no alternative but to dismiss the action for failure to prosecute. This action can proceed
6  no further without Plaintiff's cooperation and compliance with the orders at issue and cannot simply
7  remain idle on the Court's docket. Accordingly, the undersigned HEREBY RECOMMENDS that
8  this action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

9  These Findings and Recommendations will be submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days**
11 after being served with these Findings and Recommendations, Plaintiff may file written objections
12 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
13 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
14 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16 IT IS SO ORDERED.

18 Dated:   December 14, 2011                                  UNITED STATES MAGISTRATE JUDGE